**UNITED STATES of America,**
**Appellee,**

v.

**John CONTEH, Defendant–Appellant.**

**No. 00–1531.**

United States Court of Appeals,
Second Circuit.

Feb. 5, 2001.

Sanford Talkin, Talkin & Muccigrosso, New York, NY, for appellant.

Aitan D. Goelman, Assistant United States Attorney, Southern District of New York; Mary Jo White, United States Attorney; George S. Canellos, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present OAKES, STRAUB and POOLER, Circuit Judges.

## SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant–Appellant John Conteh appeals from a final judgment of conviction entered on July 26, 2000, by the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*) upon a jury verdict finding him guilty of two counts in a four-count indictment. The four counts consisted of (1) conspiracy to commit bank fraud and to possess a counterfeit security, in violation of 18 U.S.C. § 371; (2) bank fraud, in violation of 18 U.S.C. § 1344; (3) possession of a counterfeit security, in violation of 18 U.S.C. § 513(a); (4) making false statements to a federal law enforcement agent, in violation of 18 U.S.C. § 1001. Conteh was convicted on counts one and four and acquitted on counts two and three.

On appeal, Conteh seeks to vacate his conviction on grounds that it was obtained without proper venue. He argues that the government failed to prove that he made a false statement to a government agent within the Southern District of New York or that he participated in overt acts within the Southern District of New York that form part of the charged conspiracy. In criminal cases, questions of venue "are not merely matters of formal legal procedure," but matters "of constitutional right." *U.S. v. Gross*, 276 F.2d 816, 818 (2d Cir.1960) (Friendly, J.) (citing *U.S. v. Johnston*, 323 U.S. 273, 276, 65 S.Ct. 249, 89 L.Ed. 236 (1944)). Article III of the U.S. Constitution provides that "the trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed," U.S. CONST. art. III, § 2, cl. 3, and the Sixth Amendment establishes that defendants must be tried in the "district wherein the crime shall have been committed, which district shall have been previously ascertained by law," *id.* amend. VI. *See also* Fed.R.Crim.P. 18 ("[e]xcept as otherwise permitted ... the prosecution shall be had in a district in which the offense was committed."). At the same time, venue is not an "element" of the crime in the formal sense, *see United States v. Smith*, 198 F.3d 377, 382 (2d Cir.1999), *cert. denied*, 531 U.S. 864, 121 S.Ct. 156, 148 L.Ed.2d 104 (2000), and for that reason the government need only show by a preponderance of the evidence that "any part of the crime was committed within the district," *United States v. Panebianco*, 543 F.2d 447, 455 (2d Cir.1976), *cert. denied*, 429 U.S. 1103, 97 S.Ct. 1129, 51 L.Ed.2d 553 (1977). Venue may be

proven by circumstantial evidence. *United States v. Gargiso,* 456 F.2d 584, 588 n. 5 (2d Cir.1972).

Conteh has waived his venue objection. We have made clear that objections to venue are waived unless "specifically articulated" in defense counsel's motion for acquittal. *United States v. Bala,* 236 F.3d 87, 94–96 (2d Cir.2000) (internal quotation marks omitted); *United States v. Potamitis,* 739 F.2d 784, 791 (2d Cir.1984); *United States v. Grammatikos,* 633 F.2d 1013, 1022 (2d Cir.1980). While Conteh made a general motion for judgment of acquittal under Fed.R.Crim.P. 29 following the close of the government's case, and he renewed that general motion upon the close of his defense, a general motion for judgment of acquittal is not sufficient to preserve the question of venue for appeal. *See Bala,* 236 F.3d at 94–96; *Potamitis,* 739 F.2d at 791. Having been given the opportunity by the judge to specify the particular grounds for his general motion, Conteh declined to do so, stating definitively that he was not directing his objection toward the question of venue or any other issue in particular, but simply was lodging a general objection. JA296. Under our precedent, Conteh therefore has waived the ability to challenge the sufficiency of the government's proof of venue.

■ In any event, Conteh's venue objection would fail even if we disposed of that claim on the merits. The District Court *sua sponte* included a venue charge in its jury instructions concerning the conspiracy count and questioned Conteh four times as to whether he had any objection to the charge. The jury was thereby explicitly charged with considering the element of venue. And while Conteh now claims that his acquittal on counts two and three demonstrates that the jury did not find Jean Jacques's testimony credible— and therefore that the evidence is insuffi-

cient to establish any overt acts within the Southern District of New York in furtherance of the charged conspiracy—we disagree. As we held in *United States v. Rosa,* 17 F.3d 1531, 1542 (2d Cir.1994),

> [E]vidence may well be sufficient to permit reasonable inferences that a given individual was more likely than not a member of the alleged conspiracy and performed a given act in furtherance of the conspiracy within the district of prosecution, thereby satisfying the venue requirement, even if the jury finds that same evidence not sufficiently persuasive to cause it, for purposes of assessing guilt, to draw those inferences beyond a reasonable doubt.

As such, the evidence presented by the government regarding venue was sufficient to support the jury's verdict.

Accordingly, for the foregoing reasons, the judgment of the District Court is AFFIRMED.